IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUBREY MARK SHANNON,<br>Plaintiff, | )<br>)<br>) |
| v. | ) No. 3:13-CV-3490-N |
| NICHOLAS HERNANDEZ, ET AL.,<br>Defendant. | )<br>)<br>) |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Child Protective Services ("CPS") employees Nicholas Hernandez, Laura Wheeler and Karen Henry, John Doe CPS employees, John Doe Department of Family Protective Services ("DFPS") employees, CPS and DFPS. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983.

Plaintiff states his parental rights to his son were terminated in the 303rd District Court in Dallas, Texas. He states Defendants violated his civil rights by committing perjury during the court proceedings and by failing to inform the court that they committed mistakes in their investigation. Plaintiff seeks an order reversing the termination of his parental rights, money damages, jail sentences for Defendants, termination of Defendants' employment, an order barring Defendants from any further government employment, and an order that all CPS interactions

with the public be recorded. Process has not issued pending judicial screening.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Court lacks jurisdiction to consider Plaintiff's claims. Under the *Rooker-Feldman* doctrine, federal courts do not have subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

In this case, although Plaintiff alleges Defendants violated his civil rights, he is actually challenging the state court judgment terminating his parental rights. A federal review of these previously litigated claims would be an impermissible collateral attack on the state court judgment. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that *Rooker - Feldman* prohibits collateral attack on state court judgments, and that [c]onstitutional questions arising in state proceedings are to be resolved by the state courts."). Plaintiff's complaint should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Signed this 7 day of October, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).